**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SAUL ALEXIS RAMIREZ-HERNANDEZ, | No. 09-74008 |
| Petitioner, | Agency No. A044-021-120 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Saul Alexis Ramirez-Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") removal order.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of relief under the Convention Against Torture ("CAT"), because Ramirez-Hernandez has not established that it is more likely than not that he would be tortured by, or with the acquiescence of, the government of El Salvador. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a); *Alphonsus v. Holder*, 705 F.3d 1049-50 (9th Cir. 2013). We lack jurisdiction to review Ramirez-Hernandez's unexhausted contention that the IJ used an incorrect standard of proof in determining his eligibility for relief under the CAT. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the BIA).

We also lack jurisdiction to consider Ramirez-Hernandez's unexhausted contention that the IJ failed to conduct an independent assessment of whether his conviction under California Health & Safety Code § 11351.5 constitutes a particularly serious crime. *See Tijani*, 628 F.3d at 1080. Ramirez-Hernandez does not otherwise meaningfully challenge the agency's particularly serious crime determination.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

09-74008